IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL BEAUTY | ) | |
| PRODUCTS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-3212 |
| | ) | |
| MORNING GLORY | ) | |
| PRODUCTS, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT FOR FALSE MARKING

Plaintiff Universal Beauty Products, Inc. ("Plaintiff"), for its Complaint against

Defendant Morning Glory Products, Inc. ("Defendant") alleges as follows:

## NATURE OF THE ACTION

This is a lawsuit brought under the False Marking statue of the Patent Laws, 35 U.S.C.

§292, which provides civil penalty for false marking of unpatented goods. It states in relevant

part:

(a) Whoever marks upon, or affixes to, or uses in advertising in connection with any
unpatented article, the word "patent" or any word or number importing that the same
is patented, for the purpose of deceiving the public… shall be fined not more than
$500 for every such office.

(b) Any person may sue for damages, in which event one-half shall go to the person
suing and the other to the use of the United States.

Here Defendant has engaged in a pattern and practice of advertising its unpatented

products as "Patented", in violation of Section 292. Although its product, "GRO-PROTECT

SOLUTIONS", is not patented, Defendant proudly boasts on its website and product packaging

1

that the product is "Patented" suggesting that the products so marked are not available from other and/or similar products are an infringement of its patents. Defendant's such violation of the False Marking statute clearly intended to deceive the public by deterring consumers from purchasing competitive products and to bar other competitors like Plaintiff from entering the market.

## THE PARTIES

1. Universal Beauty is a corporation organized and existing under the laws of the State of Illinois and is a manufacturer of various hair care products.

2. On information and belief, Morning Glory is a corporation organized and existing under law of North Carolina and a manufacturer of hair care products. Morning Glory's registered agent is Calvin Lee Garris having registered mailing address at 3013 Ellsworth Drive, Greenville North Carolina 27834.


## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's false marking claims under 28 U.S.C. § 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant by virtue of, inter alia, Defendant's persistent and continuous contacts with the Northern district of Illinois, including active and regular conduct of business during the relevant time period through its sales in Chicago, Illinois.

5. This Court has personal jurisdiction over Defendant because, inter alia, Defendant has violated 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in

the Northern district of Illinois. Upon information and belief, such amount of sales by

Defendant in the Northern district of Illinois is substantial, continuous and systematic.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a).

## COUNT – VIOLATION OF 35 U.S.C. §292, FALSE MARKING STATUTE

7. Plaintiff repeats the allegations of Paragraphs 1-6, and restates them as though fully set

forth herein.

8. On information and belief, Defendant develops, manufactures and markets the GRO-

PROTECT SOLUTIONS("GRO-PROTECT"), a crystallizing hair protective growth

serum, which is used to protect the hair from gluing products.

9. Defendant marks and advertises, and has marked and advertised, GRO-PROTECT as

"Patented", depicted at Exhibit "A".

10. Defendant advertises and has advertised GRO-PROTECT on its website as "Patented",

depicted at Exhibit "B"

11. On information and belief, Defendant submitted its first patent application for GRO-

PROTECT on October 18, 2007.

12. On information and belief, on June 24, 2009 USPTO issued a non-final Office Action

rejecting all claims of Defendant's patent application submitted on October 18, 2007.

13. On information and belief, Defendant responded to the Office Action on November 24,

2009; therefore, Defendant could have no reasonable belief that GRO-PROTECT is

patented at that time.

14. On information and belief, Defendant's patent has not been granted to date.

15. Yet Defendant has and continues to mark and advertise GRO-PROTECT as "Patented".

16. On information and belief, Defendant has marked and advertised GRO-PROTECT as "Patented" suggesting that the products so marked are not available from other and/or similar products are an infringement of its patents.

17. On information and belief, Defendant has marked and advertised GRO-PROTECT with intent to deceive the public for the purpose of deterring consumers from purchasing competitive products.

18. On information and belief, Defendant has marked and advertised the Product with intent to deceive competitors like Plaintiff for the purposes of inhibiting them entering the market and monopolizing GRO-PROTECT in the marketplace.

19. In fact, Plaintiff has been financially injured by Defendant's false marking as Plaintiff feared of infringing Defendant's patent, thereby not manufacturing and marketing its compatible products until very recently.

20. Upon information and belief, Defendant has sold a substantial number of GRO-PROTECT having false patent marking.

21. Defendant's false marking of the Product wrongfully quelled competition, thereby causing harm to Plaintiff, the United States, and the public.

22. Defendant wrongfully and illegally advertised a patent monopoly that it does not possess and, as a result, have benefitted commercially and financially.

23. On information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant.

24. On information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

25. Upon information and belief, public deception and competitive harm caused by each of Defendant's false markings has and continues to harm the public, competitors like Plaintiff, and the United States.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 35 U.S.C. § 292, Plaintiff respectfully requests:

A. A judgment in favor of Plaintiff that Defendant has falsely marked and advertised GRO-PROTECT in violation of 35 U.S.C. § 292(a)-(b) in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

B. An award of pre-judgment and post-judgment interest on any monetary award;

C. An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292(a); and

D. All other just and equitable relief as it may deem just and equitable.

Respectfully submitted,

**Universal Beauty Products, Inc.**

Dated: May 25, 2010

/s/ Byung H. Whang
Byung H. Whang
Attorney for Plaintiff
Bar No.: 6288702 (IL)

1111 Plaza Drive, Ste # 755
Schaumburg, IL 60173
(847) 517-3696 (Office)
(847) 517-2925 (Fax)
E-mail:brian@bhwhang.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby on oath states:

That a copy of the foregoing instrument, pleading, document, or other paper was served upon each of the addresses hereinafter set forth by enclosing the same in an envelope plainly addressed to each of said addresses, affixing first class postage thereto, and depositing the same with the U.S. Mail at Schaumburg, Illinois on this 25th day of May, 2009, at 5:00 o'clock p.m.:


To:     Calvin Lee Garris
        3013 Ellsworth Drive
        Greenville NC 27834


                                        /s/ Byung H. Whang

                                        Byung H. Whang